UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 15-02283-AB (JCx) | Date: | June 24, 2015 |

| | |
|---|---|
| Title: | Arthur Biederman v. Northwest Trustee Services, Inc. et al. |

| | |
|---|---|
| Present: The Honorable | ANDRÉ BIROTTE JR. |

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**      [In Chambers] Order GRANTING Motion to Dismiss by Defendant JP Morgan Chase Bank, N.A

    In December 2014, Plaintiff Arthur Biederman filed the instant action in Superior Court for the County of Los Angeles, alleging various causes of action in connection with a non-judicial foreclosure proceeding over the real property located at 220 The Village #301, Redondo Beach, California ("Subject Property"). (Dkt. No. 1-3 ("Compl.").) Named Defendants are Northwest Trustee Services, Inc. ("Northwest Trustee"), JP Morgan Chase Bank, N.A. ("Chase"), Federal Deposit Insurance Corporation ("FDIC"), and Washington Mutual Bank, F.A. ("WaMu"). (*Id.*) On May 22, 2015, the Court granted FDIC's motion to dismiss for lack of subject matter jurisdiction. (Dkt. No. 17.)

    Pending before this Court is Chase's motion to dismiss the allegations against Chase. (Dkt. No. 13.) No opposition brief was filed. The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L. R. 7-15. The June 29, 2015, hearing is vacated. Having considered the materials submitted, and for the reasons indicated below, the Court **GRANTS** Chase's motion to dismiss.

## I. BACKGROUND

### A. Plaintiff's Allegations

On or around November 2004, Plaintiff obtained a loan from WaMu for approximately $145,000 for the purchase of the Subject Property, and the loan was secured by a note and deed of trust against the Subject Property. (Compl., ¶ 15.) Subsequently, there were a series of assignments of the note and deed of trust, including an assignment by FDIC to Chase. (*Id*. at ¶¶ 16-20.) In October 2013, Chase substituted Northwest Trustee as trustee for the note and deed of trust, and, following Plaintiff's failure to make his loan payments, Northwest Trustee recorded a Notice of Default and Election to Sell the Subject Property pursuant to the deed of trust. (*Id*. at ¶¶ 21-22; *See* Dkt. No. 14, Request for Judicial Notice ("RJN"), Exhibit 6.[1]) In October 2014, Northwest Trustee recorded a Notice of Trustee's Sale of the Subject Property, with the foreclosure sale scheduled for November 3, 2014. (*Id*. at ¶ 25; RJN Exhibit 7.) Plaintiff makes no allegation, one way or another, about whether the foreclosure sale actually took place or whether he ever tendered the debt due under his loan. (*See* Compl.)

### B. Chase's Acquisition of certain assets and liabilities of WaMU from FDIC

On September 25, 2008, the former Office of Thrift Supervision closed WaMu and appointed the FDIC as receiver of the bank. (Dkt. No. 10-2 ("Grieser Decl."), ¶ 4, Exhibit B.) Pursuant to its authority as receiver, FDIC transferred certain WaMu assets, including Plaintiff's note and deed of trust, to Chase. (*Id*. at ¶ 3, Ex. A.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must provide enough detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must also be "plausible on its face," allowing the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

---

[1] Pursuant to Rule 201, the Court **GRANTS** Chase's unopposed request for judicial notice. (Dkt. No. 14.)

Under Rule 12, a defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When ruling on the motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (2009) (internal quotation marks omitted). While the scope of review is generally limited to the contents of the complaint, a court may consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."). This incorporation doctrine is permitted to prevent plaintiffs "from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) *superseded by statute on other grounds as recognized in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).

### III.  DISCUSSION

#### A.  Plaintiff's First Claim for Injunctive Relief Fails

Plaintiff's first cause of action for injunctive relief apparently seeks an order enjoining Defendants from foreclosing on and removing Plaintiff from the Subject Property. Injunctive relief is a remedy and not, in itself, a cause of action. *Chanthavong v. Aurora Loan Servs., Inc.*, 448 B.R. 789, 802 (E.D. Cal. 2011) ("An injunction is a remedy, not a claim in and of itself.") (citations omitted); *see also Marlin v. Aimco Venezia, LLC*, 154 Cal. App. 4th 154, 162 (2007) ("An injunction is a remedy, not a cause of action") (citing *Roberts v. Los Angeles Cnty. Bar Assn.*, 105 Cal. App. 4th 604, 618 (2003)); *Shell Oil Co. v. Richter*, 52 Cal. App. 2d 164, 168 (1942) ("Injunctive relief is a remedy and not, in itself a cause of action, and a cause of action must exist before injunctive relief may be granted"). Accordingly, Plaintiff's first "cause of action" is dismissed **with prejudice**.

#### B.  Plaintiff's Second and Third Claims for Fraud in the Concealment and Fraud in the Inducement Fail

Plaintiff's second and third causes of action allege fraud in the concealment and fraud in the inducement. Though unclear from the complaint, Plaintiff appears to base his fraud claims on the Defendants' alleged failure to disclose how the mortgage would be securitized, including the fact that it would be part of a pooling and service agreement, and

on Defendants' alleged misrepresentations in the Notices of Default and Trustee's Sale that they were the true owners of the note and deed of trust, which in turn allowed them to attempt to collect a debt in which they had no interest.

"The elements of fraud are (a) a misrepresentation (false representation, concealment, or nondisclosure); (b) scienter or knowledge of its falsity; (c) intent to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Hinesley v. Oakshade Town Ctr.*, 135 Cal. App. 4th 289, 294–95 (2005). To plead a claim for fraud, Plaintiff's allegations must be sufficiently detailed to meet the heightened Rule 9(b) pleading standard. *Parino v. BidRack, Inc.*, 838 F.Supp.2d 900, 906 (N.D. Cal. 2011). Allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge . . . ." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985) (citation omitted). "[I]n a fraud action against a corporation, a plaintiff must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Cisneros v. Instant Capital Funding Grp., Inc.*, 263 F.R.D. 595, 607 (E.D. Cal. 2009) (internal quotation marks omitted) (quoting *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991)).

Plaintiff alleges generally that "Defendants" knowingly and willfully made false representations to Plaintiff with the intent to induce reliance, and that Plaintiff reasonably relied on those false representations. (Compl., ¶¶ 67-83.) Plaintiff does not allege which Defendants were responsible for the alleged fraud, the names of the persons who made the alleged fraudulent representations, what those representations were, and when they were said or written. (*Id.*) Furthermore, beyond a formulaic recitation of the elements, Plaintiff does not allege "justifiable reliance" on any alleged fraudulent representations. (*Id.*) In order to establish "a bona fide claim of actual reliance," a plaintiff must allege the specifics of his reliance. *Cadlo v. Owens-Illinois*, 125 Cal. App. 4th 513, 519 (2004). Plaintiff's generalized allegations of willful false representations and reasonable reliance do not comply with the pleading standards of Rule 9(b), as they do not state the "who, what, when, where, and how" of the alleged fraudulent activity. *Casault v. Fed. Nat. Mortgage Ass'n*, 915 F. Supp. 2d 1113, 1124 (C.D. Cal. 2012); *Cisneros*, 263 F.R.D. at 607.

Plaintiff's fraud claims would fail as against Chase even if he were to add specificity to his claims. With respect to Plaintiff's fraudulent concealment claim, WaMu originated Plaintiff's loan (Compl. ¶ 15), and Chase was not involved in the process. When Chase purchased Plaintiff's note and deed trust from FDIC as receiver for WaMu, Chase specifically did <u>not</u> assume liability for borrower claims related to loans or commitments to lend made by WaMu. (*See* RJN Exhibit 3.) Accordingly, any claim against Chase for fraudulent misrepresentations and omissions allegedly made in connection with WaMu's

issuance of Plaintiff's loan fail as a matter of law. Because Plaintiff alleges that he did not know that his note and deed of trust were transferred to Chase until after the Notice of Default and Trustee's Sale were recorded, if given an opportunity to amend, Plaintiff could not plausibly allege that Chase made any fraudulent misrepresentations or omissions regarding the securitization of Plaintiff's loan.

Separately, Plaintiff's fraudulent inducement claim alleges that Chase attempted to collect on a debt in which they had no interest. Aside from the fact that there is no obvious connection between a fraudulent inducement claim and Chase's attempt to foreclose on the Subject Property, Plaintiff lacks standing to challenge the alleged flaws in securitization because he has not shown, and he cannot plausibly allege, that "the alleged imperfection in the foreclosure process was prejudicial to [P]laintiff's interests." *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011). Nothing about the mere substitution of one creditor for another interfered in any manner with Plaintiff's ability to make payments under the note. *Id*. Even assuming there are irregularities in any assignments of the debt, California law bars Plaintiff's claim because "the true victim was not the [P]laintiff but the original lender, which would have suffered the unauthorized loss of [the balance of the] promissory note." *Id*.; *see also Bascos v. Fed. Home Loan Mort. Corp.*, 2011 WL 3157063, at *6 (C.D. Cal. 2011); *Gilmore v. Am. Mortg. Network*, 2012 WL 6193843, at *9 (C.D. Cal. 2012).

Because any amendment would be futile, Plaintiff's second and third causes of action are dismissed **with prejudice**.

### C. Plaintiff's Fourth Claim for Intentional Infliction of Emotional Distress Fails

In his fourth cause of action, Plaintiff alleges that Defendants' conduct (including initiating the foreclosure process) has resulted in Plaintiff being threatened with the foreclosure of the Subject Property, which in turn has caused him extreme emotional distress.

A cause of action for Intentional Infliction of Emotional Distress ("IIED") requires a plaintiff to allege the following: "(1) the defendant engaged in extreme and outrageous conduct with the intention of causing, or reckless disregard of the probability of causing, severe emotional distress to the plaintiff; (2) the plaintiff actually suffered severe or extreme emotional distress; and (3) the outrageous conduct was the actual and proximate cause of the emotional distress." *Ross v. Creel Printing & Publ'g Co.*, 100 Cal. App. 4th 736, 744-45 (2002). According to Plaintiff's complaint, Defendants allegedly engaged in outrageous conduct that caused him severe emotional distress when they made false statements in the Notice of Default (apparently with respect to *how* Plaintiff defaulted on the loan) and "fraudulently" initiated the foreclosure proceedings. (*See* Compl., ¶¶ 79, 84.) A review of the Notices of Default and Trustee's Sale (*see* RJN Exhibits 6-7)

indicate statutory compliance with the procedures set forth in California Civil Code sections 2924 *et seq.*, which detail the legal requirements of a valid foreclosure sale, and Plaintiff does not otherwise identify any false statements in the documents. Further, California law precludes Plaintiff's IIED claim because "foreclosing on a home (absent other circumstances) is not the kind of extreme conduct that supports an intentional infliction of emotional distress claim." *Quinteros v. Aurora Loan Services*, 740 F. Supp. 2d 1163, 1172 (E.D. Cal. 2010). Since Plaintiff has failed to plead adequate facts to plausibly state a claim for IIED, Plaintiff's fourth cause of action is dismissed. However, because it is possible for Plaintiff to allege additional facts that would allow him to plausibly state his IIED claim, the defects of Plaintiff's fourth cause of action may be cured by amendment. Accordingly, Plaintiff's fourth cause of action is dismissed **without prejudice**.

### D. Plaintiff's Fifth Claim for Slander of Title Fails

Plaintiff's fifth cause of action alleges slander with respect to the statements made in the Notice of Default, Notice of Trustee's Sale, and the deed of trust.

"The elements of a cause of action for slander of title are (1) a publication, which is (2) *without privilege* or justification, (3) false, and (4) causes pecuniary loss." *La Jolla Group II v. Bruce*, 211 Cal. App. 4th 461, 472 (2012). California's non-judicial foreclosure statute—codified at Civil Code section 2924 *et seq.*—"deems the statutorily required mailing, publication, and delivery of notices in non-judicial foreclosure, and the performance of statutory non-judicial foreclosure procedures, to be privileged communications under the qualified common interest privilege of [Civil Code] section 47, subdivision (c)(1)." *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 333 (2008). Plaintiff alleges that "Defendants, and each of them, disparaged Plaintiff'[s] exclusive valid title by and through the preparing, posting, publishing and recording of the documents previously described herein, including, but not limited to, the Notice of Default, Notice of Trustee's Sale, and Trustee's Deed." (Compl., ¶ 88.) These documents, however, were published in accordance with non-judicial foreclosure proceedings pursuant to Civil Code section 2924 *et seq*. Consequently, absent any evidence of actual malice, such publications are privileged. *See, e.g.*, *La Jolla Group II v. Bruce*, 211 Cal. App. 4th at 472. Plaintiff alleges that "Defendants knew the documents were false and created and published them with the malicious intent to injure Plaintiff . . . ." (Compl., ¶ 93.) However, Plaintiff's complaint offers no allegation to suggest that such publications were in anyway false, or that the publications were made with any malicious intent. Plaintiff's allegations resemble the "conclusions, and formulaic recitation of the elements" that the Supreme Court deemed insufficient to survive a Rule 12(b)(6) challenge. *Twombly*, 550 U.S. at 555. Because Plaintiff could allege additional specific facts that the publications were false or malicious, his claim for slander of title may be cured by amendment. Accordingly, Plaintiff's fifth cause of action is dismissed **without prejudice**.

### E. Plaintiff's Sixth Claim for Quiet Title Fails

In his sixth claim for Quiet Title, Plaintiff requests a decree that permanently enjoins the Defendants, and each of them, from asserting any adverse claim to the Subject Property. (Compl., ¶ 102.) "It is settled in California that a mortgagor cannot quiet his title against a mortgagee without paying the debt secured." *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934); *see Mix v. Sodd*, 126 Cal. App. 3d 386, 390 (1981) ("a mortgagor in possession may not maintain an action to quiet title, even though the debt is unenforceable"); *Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477 (1974) (trustor is unable to quiet title "without discharging his debt"). Plaintiff's complaint makes no allegation regarding whether he tendered the debt owed. (*See* Compl.) Consequently, Plaintiff's claim for quiet title fails. It is possible for Plaintiff to allege additional facts that he tendered the debt owed under his loan. Accordingly, because his claim for quiet title may be cured by amendment, Plaintiff's sixth cause of action is dismissed **without prejudice**.

### F. Plaintiff's Seventh Claim for Declaratory Relief Fails

Plaintiff's seventh claim for Declaratory Relief requests a judicial determination of the rights, obligations and interests of the parties with regard to the Subject Property. (Compl., ¶ 108.) Similar to Plaintiff's first cause of action for injunctive relief, declaratory relief is a form of equitable relief and not an independent cause of action. *Kimball v. Flagstar Bank F.S.B.*, 881 F. Supp. 2d 1209, 1219-20 (S.D. Cal. 2012). Furthermore, a declaratory relief claim fails when it is a duplicate of other claims. *Id.* (citing *Permpoon v. Wells Fargo Bank Nat'l Ass'n*, 2009 WL 3214321, at *5 (S.D. Cal. Sept. 29, 2009)) (dismissing declaratory judgment claim where claim was duplicate of other invalid claims). Plaintiff's request for declaratory relief is duplicative because it seeks to determine the same issues as his other claims—namely, whether Chase was authorized to collect loan payments and foreclose on the Property. (*See* Compl., ¶¶ 47, 51, 55, 68-70, 79-80, 101, 129, 132-136, & 143.) Consequently, Plaintiff's seventh "cause of action" is hereby dismissed **with prejudice**.

### G. Plaintiff's Ninth Claim for Violation of California Business and Professions Code § 17200 *et seq.* Fails.

Plaintiff's ninth cause of action alleges that the Defendants' conduct (described throughout this Order) violated California Business and Professions Code § 17200.

California's unfair competition law ("UCL") prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. Because the UCL "is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent. An act can be alleged to violate any or all of the three prongs of the UCL. . . ." *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1554 (2007)

(citation omitted). In order for a private plaintiff to have standing to allege a violation of the UCL, a plaintiff must have suffered injury in fact and lost money or property as a result of the defendant's conduct. Bus. & Prof. Code § 17204. The "injury must be economic, at least in part, for a plaintiff to have standing under Business and Professions Code section 17204." *Animal Legal Defense Fund v. Mendes*, 160 Cal. App. 4th 136, 147 (2008).

Plaintiff's UCL allegations rely almost entirely on his other claims for relief, for all of which Plaintiff has failed to state a claim. Separately, Plaintiff has not alleged any facts establishing that he has wrongfully lost money or property within the meaning of the UCL – Plaintiff makes no allegation that Chase received monies in which it had no vested interest or that the Subject Property has been sold – and therefore Plaintiff' lacks standing to bring this claim. However, Plaintiff will have an opportunity to amend several of his claims, and he may be able to allege additional specific facts to show that he lost money or property as a result of Chase's conduct. Accordingly, because Plaintiff's UCL claim may be cured by amendment, Plaintiff's ninth cause of action is dismissed **without prejudice**.

## IV. CONCLUSION

For the reasons set forth above, the Court hereby **GRANTS** Chase's motion to dismiss. (Dkt. No. 13.) Plaintiff's claims against Chase for injunctive and declaratory relief, fraud in the concealment, and fraud in the inducement (first through third and seventh causes of action) are dismissed **with prejudice**. Plaintiff's remaining claims against Chase for IIED, slander of title, quiet title, and UCL (fourth through sixth and ninth causes of action) are dismissed **without prejudice**.

Plaintiff will have twenty-one (21) days from the day of this Order to file an amended complaint. Failure to file an amended complaint by the deadline will render this Order a dismissal of the action with prejudice and full adjudication on the merits of Plaintiff's claims against Chase.

The July 13, 2015 Scheduling Conference is hereby vacated. The Court will re-set a Scheduling Conference if and when Plaintiff files an amended complaint, or if and when the remaining Defendants (Northwest Trustee and WaMu) are served and appear in this action.

**IT IS SO ORDERED.**